IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

CH'KYLA OLDENSTAM,           §
                             §
      Plaintiff,             §
                             §
V.                           § CIVIL ACTION NO. 4:17-cv-3891
                             §          (JURY)
DONNELLY FINANCIAL, LLC,     §
                             §
      Defendant.             §

## PLAINTIFF'S ORIGINAL COMPLAINT

Plaintiff Ch'Kyla Oldenstam ("Oldenstam") files this her Original Complaint against Defendant Donnelly Financial, LLC ("Donnelley Financial"), a division of RR Donnelley & Sons Company ("RR Donnelley") as follows:

### NATURE OF THE DISPUTE

1.    Donnelley Financial terminated Oldenstam's employment following a pregnancy-related approved medical leave of absence in violation of both 29 U.S.C. § 2615(a)(1) and § 2615(a)(2) of the Family Medical Leave Act (the "FMLA").

2.    Oldenstam brings this action to recover damages and other relief because of Donnelley Financial's conduct, including without limitation, reinstatement, actual damages for lost wages, compensation and benefits, liquidated damages, and front pay. In addition, Oldenstam seeks reimbursement of her reasonable attorneys' fees and costs of court under the FMLA.

### JURISDICTION AND VENUE

3.    This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 (2017) and 29 U.S.C.A. §§ 2610-2617 (2017).

4.    Oldenstam brings this complaint in the district in which

Donnelley Financial does business and where a substantial portion of the conduct charged herein occurred.  Accordingly, venue is proper in this district pursuant to 28 U.S.C. § 1391(b)(2017).

<u>PARTIES</u>

5.   Oldenstam is an individual who resided in Euless, Tarrant County, Texas, while employed by Donnelley Financial.

6.   Donnelley Financial, a foreign limited liablity company authorized to do business in the State of Texas, engages in commerce or in an industry affecting commerce and employs fifty (50) or more employees for each working day during each of twenty (20) calendar workweeks in the current or preceding calendar year. During Oldenstam's employment with Donnelley Financial, it was transacting business at its offices located at 2001 Kirby Drive, 4th Floor, Houston, Texas 77019.  Donnelley Financial is governed by its governing person, RR Donnelley, a foreign corporation authorized to do business in the State of Texas.  Donnelley Financial may be served with citation by serving it registered agent, CT Corporation System, 1999 Bryan Street, Suite 900, Dallas, Texas  75201-3136.

<u>STATEMENT OF FACTS</u>

7.   Oldenstam began her employment with Bowne & Co., Inc. ("Bowne") in 2010 prior to its acquisition by RR Donnelley. Following the acquisition, Oldenstam was assigned to work for the division of RR Donnelley known as Donnelley Financial (collectively, the "Company"). Oldenstam reported to the Company's offices in Houston, Texas.

-2-

8.   Oldenstam was a XBRL Financial Reporting Specialist and worked remotely from her home during the entirety of her employment with Bowne and the Company.  Her usual work hours were twelve (12) hours per day on Friday, Saturday and Sunday of each work week.

9.   In October 2016, Oldenstam informed her manager, Vanessa Mellage ("Mellage") that she was pregnant with her first child with an anticipated delivery date in February 2017.  Mellage responded by pointing out that Oldenstam would be away from work during the Company's busiest time.  Mellage also asked Oldenstam how long she thought she would be away from work due to her pregnancy.

10.   On the weekend of January 6, 2017, Oldenstam began to experience complications with her pregnancy for which she sought medical treatment.  As a result, Oldenstam was off work from Friday, January 6, 2017, through Sunday, January 8, 2017. Oldenstam kept Mellage apprised of her condition throughout that time frame. Subsequently, on January 9, 2017, Oldenstam saw her regular obstetrian who then took Oldenstam off work and placed her on bedrest for the remainder of her pregnancy.

11.   Following the birth of her baby on February 20, 2017, Oldenstam was away from work on maternity leave until her anticipated return to work date of April 3, 2017.

12.   Simply stated, Oldenstam was away from work on approved FMLA leave beginning January 9, 2017, for "pregnancy complications" until February 20, 2017, and for maternity leave for the remainder of the period of approved leave ending April 3, 2017.

13.   When Oldenstam returned to work from maternity leave on

April 3, 2017, she was informed that the Company required an additional release from her treating physician.  To that end, and effective April 5, 2017, Oldenstam's treating physican released her to return to work without restrictions. Oldenstam provided the required physician's release to Mellage and to the Company human resources department ("HR") immediately upon reporting to work on April 5, 2017.

14.   Almost immediately thereafter, Mellage requested that Oldenstam meet with she and HR.  During that meeting, Oldenstam was informed that her position had been eliminated and she was being laid-off allegedly because the Company's "work load had decreased." Despite these representations, and to the contrary, there were other individuals doing the same or similar tasks as those assigned to Oldenstam and under the same conditions (working remotely from home), including at least one (1) employee with less tenure than Oldenstam had with the Company.  Oldenstam believes she was the only XBRL Financial Reporting Specialist terminated at the time.

15.   Based on the foregoing, this lawsuit follows.

<u>FIRST CAUSE OF ACTION</u>

<u>Violations of the FMLA</u>

16.   Oldenstam incorporates the allegations contained in paragraphs 1 through 15.

17.   The FMLA requires employers, such as Donnelley Financial in this case, to provide up to twelve (12) weeks of unpaid leave to any eligible employee who suffers from a "serious health condition that makes the employee unable to perform the functions of the

position of such employee." 29 U.S.C. § 2612(a)(1)(D) (2017).

18.   The FMLA also requires employers to restore employees to the same position or a position comparable to that held by the employee after a qualifying absence. 29 U.S.C.A. § 2614(a)(1) (2017).

19.   Consequently, it is unlawful for any employer to interfere with, restrain, or deny the exercise of or the attempt to exercise, any right provided under the FMLA. 29 U.S.C.A. § 2615(a)(1)(2017).   Here, Donnelley Financial violated Section 2615(a)(1) (2017) of the FMLA by failing to restore Oldenstam to her former position at the conclusion of her approved FMLA leave.

20.   It is also unlawful to discriminate or retaliate against an employee for exercising their rights under the FMLA.  29 U.S.C. § 2615(a)(2).   As such, Donnelley Financial also violated Section 2615(a)(2) of the FMLA by retaliating against Oldenstam for exercising her rights under the statute in terminating her employment at the conclusion of her approved FMLA leave.

21.   Briefly put, Oldenstam would not have been discharged if a medical leave had not been taken. Donnelley Financial's acts and omissions in that regard violated the FMLA.

22.   Applied here, the FMLA provides that an employer who violates the FMLA shall be liable for the amount of any wages, salary, employment benefits, or other compensation denied or lost to such employee by reason of the violation ("Lost Wages and Benefits"), interest on the Lost Wages and Benefits, and liquidated damages equal to the sum of the Lost Wages and Benefits and

corresponding interest.  29 U.S.C.A. § 2617(a) (2017).

23.  Oldenstam has been damaged by Donnelley Financial's violation of the FMLA for which amounts and conduct Oldenstam sues.

<u>ATTORNEYS' FEES</u>

24.  Oldenstam has had to employ counsel for which she seeks reimbursement of her reasonable attorneys' fees and costs incurred pursuant to 29 U.S.C. § 2617(a)(3) (2017).  Oldenstam has complied with all conditions precedent to the recovery of attorneys' fees.

<u>JURY DEMAND</u>

25.  Oldenstam requests a trial by jury.

<u>PRAYER</u>

WHEREFORE, Oldenstam prays that at trial she be awarded the following against Defendant Donnelley Financial, LLC:

a.  reinstatement to a comparable position as provided by the FMLA;

b.  actual damages for lost wages, compensation and benefits as provided by the FLMA;

c.  liquidated damages as provided by the FMLA;

d.  equitable relief in the form of front pay as provided by the FMLA;

e.  costs of court;

f.  reasonable attorneys' fees;

g.  prejudgment and post-judgment interest on the amounts awarded above at the highest rate allowed by law; and

h.  such additional relief to which Oldenstam may be entitled.

Respectfully submitted,


 /S/ Mark Siurek
Mark Siurek
TBA# 18447900
Fed. ID# 9417
3334 Richmond Avenue, Suite 100
Houston, Texas  77098
713-522-0066 (telephone)
713-522-9977 (fax)
msiurek@warrensiurek.com

ATTORNEY-IN-CHARGE FOR PLAINTIFF

OF COUNSEL:

WARREN & SIUREK, L.L.P.
Patricia Haylon
TBA# 09281925
Fed. ID# 13941
3334 Richmond Avenue, Suite 100
Houston, Texas 77098
713-522-0066 (telephone)
713-522-9977 (fax)
thaylon@warrensiurek.com